SUMMARY ORDER
Plaintiff-appellant Ann M. DeSalvo appeals an order and judgment of the United States District Court for the Northern District of New York (Mordue, C.J.), entered on September 27, 2007, 2007 WL 2874460, granting defendant-appellee Social Security Administration’s (“SSA”) motion for summary judgment and dismissing her claims alleging a failure to promote, hostile work environment, and constructive discharge based on her age and religion. We assume the parties’ familiarity with the facts, the proceedings below, and the issues on appeal. DeSalvo made a motion to file a reply brief out of time at oral argument on this appeal. We grant the motion and consider DeSalvo’s reply brief here.
“We review a district court’s grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.” Allianz *396 Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir.2005). Summary judgment “should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.CivJP. 56(c).
We review claims of age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and of religious discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., using the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Fisher v. Vassar Coll, 70 F.3d 1420, 1449 (2d Cir.1995) (ADEA claims); Meiri v. Dacon, 759 F.2d 989, 994-95 (2d Cir.1985) (Title VII claim of religious discrimination). A plaintiffs establishment of a prima facie case of discrimination shifts the burden to the defendant to offer a legitimate, non-discriminatory reason for its actions. Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir.2003). The burden then returns to the plaintiff who must show that the adverse employment decision “was more likely than not motivated, in whole or in part,” by discriminatory reasons. Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir.2000).
Assuming DeSalvo established a prima facie case of age discrimination, we agree with the district court that the SSA offered legitimate, non-discriminatory reasons — a lack of qualification and failure to apply for promotions — that account for why DeSalvo was not promoted. DeSalvo has not offered sufficient evidence to raise a genuine issue of material fact with respect to whether discrimination was more likely the reason for the absence of a promotion than her qualifications and failure to apply. See Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir.2000). She did not complete the computer training needed to qualify for the one promotion she did apply for. She expressly disavowed that her difficulties with the computer instructor were the result of discrimination.' As for the decision writer position, the record supports the SSA’s explanation that DeSalvo was not qualified for this position. Attorneys and paralegals were hired as decision writers during DeSalvo’s employment, and she did not have these certifications. Even if these qualifications were unnecessary, DeSalvo never applied for this position. DeSalvo has not challenged the district court’s find-' ing that any claim related to her initial hire as a part-time employee was untimely. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir.1995) (arguments not raised on appeal are ordinarily waived). DeSalvo also does not demonstrate a genuine issue of material fact as to whether her religion, rather than the SSA’s preferred reasons, explains why she was not promoted.
A hostile work environment claim requires proof that the work environment was both subjectively and objectively hostile. To show the latter, “a plaintiff must produce evidence that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim’s employment.” Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir.2000) (quotation marks omitted); see also Quinn v. Green Tree Credit Corp., 159 F.3d 759, 767-68 (2d Cir.1998) (explaining the “variety of factors” that inform the hostile work environment inquiry including “ ‘the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee’s work performance’ ” (quoting *397 Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993))).
The district court accurately observed that the record does not support an inference that the SSA created a discriminatory hostile work environment for DeSalvo. We do not doubt that the postcard of a woman in bathing attire subjectively of7 fended DeSalvo. But a single picture of this kind could not rationally be found to create “a pervasive atmosphere of ‘intimidation, ridicule and insult.’” Brennan v. Metro. Opera Ass’n, 192 F.3d 310, 319 (2d Cir.1999) (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)) (finding several nude pictures insufficient to create an objectively hostile work environment). Many of the alleged insults by co-workers concerned work-related issues and did not concern DeSalvo’s age or religion. While the record indicates at least one occasion when co-workers referred to DeSalvo as “goody-goody” and “the holy-holy” in her presence, these isolated comments do not show an objectively hostile work environment. See Petrosino v. Bell Atl., 385 F.3d 210, 223 (2d Cir.2004) (“Simple teasing, . offhand comments, or isolated incidents of offensive conduct (unless extremely serious) will not support a claim of discriminatory harassment.”).
The district court also properly found no evidence that DeSalvo suffered a constructive discharge. A constructive discharge claim lies when an employer makes working conditions so difficult that a reasonable person would feel compelled to resign. See Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 161 (2d Cir.1998). DeSalvo’s dissatisfaction with work assignments and the episodes when co-workers shouted at her do not support her constructive discharge theory.
For the foregoing reasons, DeSalvo’s motion to file a reply brief out of time is GRANTED. The judgment of the district court is AFFIRMED.